(109 App. Div. 791)

WALKER v. GLEASON.

(Supreme Court, Appellate Division, Second Department.   December 29, 1905.)

MASTER AND SERVANT—INJURIES TO SERVANT—SAFE PLACE TO WORK.

Where plaintiff rented four rooms over which her landlord retained no control, and she was employed by him to keep the halls and lamps in order, where she took the lamps into one of her rooms and was injured by the falling of a portion of the ceiling, he is not liable, on the ground that as her employer he failed to furnish her a safe place to work.

Appeal from Trial Term, Kings County.

Action by Mary Ellen Walker against Michael J. Gleason. From a judgment in favor of defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Frank F. Davis (Charles J. Belfor, on the brief), for appellant.
Woodville Flemming, for respondent.

WOODWARD, J.   The plaintiff rented four rooms—a parlor, two bedrooms, and a kitchen—of the defendant for $10 per month, and was allowed $3 per month for cleaning the halls, sweeping them, and scrubbing them, cleaning the lamps and putting them out, and supplying the oil, putting out the ashes, and cleaning the cellar. It does not appear that the landlord retained possession of the rooms on the second floor occupied by the plaintiff in any respect whatever. He merely had charge of the halls and cellar, and it was the plaintiff's duty to keep these in condition by cleaning and lighting the same, for which she was allowed $3 per month on her rent. The plaintiff, on the 8th day of April, 1903, took the lamps from the hall into her own kitchen for the purpose of cleaning and filling them, and while engaged in this work a portion of the ceiling in her kitchen fell, producing the injuries for which she seeks a recovery against her landlord, on the theory that she occupied the relation of servant to the defendant as master, and that he had failed to furnish her a reasonably safe place in which to perform her labors.

The learned court at the trial dismissed the complaint, upon the authority of Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962, and we are of opinion that this disposition of the case is in accord with the law of this state.   The mere fact that in cleaning and lighting the halls of the defendant's building the plaintiff occupied the relation of a servant did not impose a duty upon the landlord to protect the plaintiff in her own apartments if she chose to perform some of the duties in these rooms.   Within the rooms over which the plaintiff had control her relations were those of a tenant,

She could not, knowing a dangerous defect, continue to live in the apartments, and hold the landlord as for a tort when the dangerous condition resulted in an injury, and the mere fact that she had elected to bring some of her work as janitress into her own rooms for performance could not change the relation. There is no evidence that the defendant had failed to furnish a reasonably safe place in which this work was to be performed, or in which it might be performed. He did not furnish the plaintiff's kitchen for that purpose, for the evidence is that she rented and had possession of the four rooms upon the second floor, and as the master did not furnish the place where the accident occurred, he cannot be held liable for negligence in failing to have the plaintiff's kitchen in repair.

The judgment and order appealed from should be affirmed, with costs. All concur.